UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 1, 2022

LETTER TO COUNSEL:

    RE:    *Michelle M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-3665

Dear Counsel:

    On December 17, 2020, Plaintiff Michelle M. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

    Michelle M. protectively filed her applications for DIB and SSI on May 29, 2018. Tr. 58. She alleged a disability onset date of July 19, 2017. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Michelle M. requested an administrative hearing, and a hearing was held on February 11, 2020, before an Administrative Law Judge ("ALJ"). Tr. 81-119. In a written decision dated April 6, 2020, the ALJ found that Michelle M. was not disabled under the Social Security Act. Tr. 55-80. The Appeals Council denied Michelle M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 43-49.

    The ALJ evaluated Michelle M.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Michelle M. had not engaged in substantial gainful activity since July 19, 2017, the alleged onset date. Tr. 61. At step two, the ALJ found that Michelle M. suffered from the following severe impairments: ischemic heart disease, recurrent arrhythmia, hypertension, acute myocardial infarction, hypercoagulable blood disorder, vestibular disorder, anemia, and diabetes. Tr. 61-63. At step three, the ALJ found Michelle M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404,

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

Subpart P, App. 1 ("Listings"). Tr. 63-64. The ALJ determined that Michelle M. retained the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climb stairs, balance, stoop, kneel, crouch, or crawl; should never climb ladders; avoid concentrated exposure to extreme cold, extreme heat, or pulmonary irritants; and, avoid all exposure to hazards." Tr. 64.

At step four, relying on testimony provided by a vocational expert ("VE"), the ALJ determined that Michelle M. could perform past relevant work as an accounts payable clerk, security specialist, administrative clerk, loan clerk, and teller/customer service representative. Tr. 74-75. Accordingly, the ALJ found that Michelle M. was not disabled under the Social Security Act. Tr. 75.

Michelle M. argues that this case must be remanded for further proceedings because (1) the ALJ did not evaluate properly pertinent evidence; (2) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; and (3) the ALJ did not perform a function-by-function assessment of her work-related abilities. ECF No. 16-1 at 6-14. After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not build a logical bridge from the evidence to his conclusion. Accordingly, I will remand this case for further explanation.

Michelle M. argues that remand is warranted because the ALJ failed to address certain aspects of the opinion of Leonard Griffin III, M.D., her treating cardiologist. ECF No. 16-1 at 6-9. Dr. Griffin opined in January 2020 that Michelle M. needed a job that permitted shifting positions at will from sitting, standing, or walking and that she would sometimes need to take unscheduled breaks every few hours. Tr. 776. The ALJ found these aspects of Dr. Griffin's opinion to be "persuasive in terms of physical limitations and stress tolerance." (Tr. 73). *See* 20 C.F.R. §§ 404.1520c, 416.920c. Michelle M. contends that remand is warranted because of the ALJ's failure to explain why he rejected Dr. Griffin's opinion that Michelle M. was limited to work requiring a sit-stand option at will and that she needed to take unscheduled breaks every few hours, despite finding the doctor's opinion persuasive. ECF No.16-1 at 7.

The Court finds that the ALJ's failure to explain his consideration of Dr. Griffin's opinion in this regard frustrates meaningful review. *See Harden v. Comm'r of Soc. Sec.*, Civil Action No. 13-906, 2014 WL 4792294, at *4 (W.D. Pa. Sept. 24, 2014) ("While the ALJ was by no means required to simply adopt all of the limitations found by the state reviewing agent, he was required to explain his basis for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave significant weight to this opinion in formulating the RFC and hypothetical."); *cf. Hoag v. Saul*, 531 F. Supp. 3d 462, 466 (D. Mass. 2021) (finding that ALJ harmlessly erred in omitting state agency physicians' manipulative and pushing/pulling limitations from RFC assessment because claimant would still be able to work even if these limitations had been included). Of course, the Court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). But the Court cannot say that the omission of a sit-stand option at will in Michelle M.'s RFC is harmless because it would not affect the ALJ's finding at step four that she is capable of performing her past relevant work. "While the Commissioner's

regulations no longer require ALJs to 'give any specific evidentiary weight' to medical opinions, 20 C.F.R. § 416.920c(a), the substantial evidence standard does require an ALJ to provide some reasoned basis for 'rejecting probative evidence' supporting a disability finding[.]" *Frederick T. v. Kijakazi*, No. 4:20-CV-00070, 2022 WL 193740, at *8 (W.D. Va. Jan. 21, 2022). "Otherwise, the court cannot 'determine whether the ALJ's decision' to deny benefits 'is supported as a matter of fact and law[.]'" *Id.* Because the ALJ "failed to build an 'accurate and logical bridge' from the evidence he recounted to his conclusion about [Michelle M.'s RFC]," the Court remands this case for the ALJ to do so. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see Frederick T.*, 2022 WL 193740, at *8. I decline to address Michelle M.'s remaining arguments and express no opinion on the ultimate merits of her disability claim.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 16 & 17) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge